Good morning, Your Honors. May it please the Court, I'm Janet Gusdorf for the Plaintiff and Appellant in this matter, Mr. Robert Bezzina. Now, we know that accommodating disabled employees is inconvenient for businesses. And that is why we have the protections from the ADA and, in this case, relevant, the FIHA. Here, United created a blanket policy trying to help its employees, but it did so in violation of the FIHA. It doesn't have the authority to overrule legislature. And what the district court here did is basically give a company the ability to create its own labor law. Here, there's definitely disputed facts as to whether Mr. Bezzina was a qualified employee. We assert that he absolutely was. But the dispute is whether a mask is an essential function of the job. And I'd like to turn this Court's attention to the language of Government Code Section 12926, subdivision F. That's the provision that defines what an essential function is, and it refers to job duties. Wearing a mask is not a job duty. It's a job requirement of United's, but it is not a duty. It's kind of akin to wearing a uniform, like a police officer has to wear a uniform, but that is not a duty of the police officer, of the job. And so, in this case, there's no question that Mr. Bezzina could have performed all of the physical aspects of his job had he been able to be accommodated to wear a face shield or some other job restructuring temporarily to accommodate him during the pandemic. And it's critical in this case to remember that over the course of the two years that he was on leave without any pay, the current medical knowledge changed. United's policies changed. The CDC's recommendations changed. I mean, everybody. It was a fluid time. And that is why, for the direct threat affirmative defense, the employer is required to do an individualized assessment that's based on the current medical knowledge at the time. Now, they submitted a declaration that says that they consulted with the Cleveland Clinic, but they didn't submit what that actually, what the paperwork said or any of the details about that. But in the record, appellants, I mean, police included all of the regulations throughout the time that they were relying on. But each one of them, if you look through all the fine print, has an exception for disabled employees who are unable to wear a mask. Here, there is no question that Mr. Bezina was a disabled employee who was unable to wear a mask because of his disability. The court didn't analyze that question. And for summary judgment, it was the appellee's burden to prove, as a matter of law, that that affirmative defense would apply. And it has not met that burden. I'm trying to – so given the nature of the defense that they are raising, that the masks were required for employee workplace safety, the law says that for employers to make that kind of a judgment, they've got to have a basis, an objective basis, right? So we've got to have some sort of indication that there is a safety connection to whatever it is you're requiring of your employees. I think your argument is there's a question of fact on that? There certainly is a dispute as to whether they could have reasonably accommodated him in a safe way that would not have affected the health or safety of him or the other employees. And is that – and I guess you're making that argument because the CDC guidance itself said this is preference, number one, but if you have a disability, here's an option. That is part of it. The CDC absolutely did, and the TSA relied on the CDC. The L.A. County health orders also made the same point. There's a whole list of them that I don't remember off the top of my head, but every one of them. But I'm right – am I right that that is sort of the main thrust of your argument, that all of the guidance – like we're not necessarily fighting about whether masks were good or not. We're saying that all of the guidance during this period said masks, but if you have a disability, something else. Yes. And the face shield was specifically listed as a, okay, it's not as good as the mask, but it's better than nothing accommodation. And so even though, again – So where – I mean, where there was consistent guidance saying that masks is the preference, masks is the best option, and we're not fighting about whether that was true or not, why can't United say we're going with the most protective option here because the world – we don't – you know, things are uncertain. We all lived through the pandemic. Nobody really had a clue what was happening and how this was all going to play out and what was effective. So why can't United make that judgment call? Because it's against the law in California. In California, it requires the employer to accommodate its disabled employees. Even when there's an inconvenience, a crisis, anything, there's no exception in the statutes. And as time progressed, it became more and more clear that Mr. Bazzina could do the work without it being a health risk to the other employees or to himself. And United didn't reevaluate. They basically took a hardline rule that said no matter what, if you're going to work inside, you have to wear a mask. They didn't discuss with him, or there's no documentation that they discussed internally, whether they could have done anything to allow Mr. Bazzina to work a restructured job that was outside. They simply didn't engage in that analysis, and they were required to at a minimum. My understanding of the record was that they did some analysis. They did consider whether there were other positions and concluded that every single position at United would require being inside the terminal at some point for using the bathroom, for getting to your work location, for having staff meetings. I don't know. So they looked at that and said there was no other job we could give you where you literally could never have to come inside, and therefore the mask requirement would be triggered. But their duty requires more than that. And a jury, it's a jury question about whether what they did was reasonable. Here they didn't look. They looked at what their existing jobs were, whether they required a mask or not, whether the existing jobs as they are currently made required him to go through the airport, required him to go in the airport to check in, check out, use the bathroom, do meetings. But they didn't look at other accommodations, and that's what they were required to do. Could they have allowed Mr. Bazzina to clock in to meetings that he had to attend remotely? Could they have basically temporarily restructured his job to literally have it be something that only included certain duties, the ones that required him to be outside? They didn't look at that. They had to look at how they could restructure the job, not just whether they could put him in another one. And, you know, this court doesn't need to decide whether it was reasonable or not. It just, we urge you to reverse and allow a jury to make that determination. Is there any issue about whether he suffered from the post-traumatic stress disorder or whether that was a disability? Is there any issue there? No. I understand it was an unreasonable, I mean, an unusual fact. But, I mean, in the record under Dr. Globus' letter, he explains that while my client was in service, one of his fellow soldiers would make a habit of coming over to him while he was just doing whatever he needed, jumping in front of him, in back of him, covering his mouth and his nose, putting a knife to his throat. So it wasn't the kind of situation that would normally be triggered when he wasn't in that. But because of the mask, that covering would... But I'm saying, but the airlines wasn't disputing that disability. That is correct. Okay. Unless the court has any other questions, I'll go ahead and reserve the rest of my time. Thank you. Good morning. It may have pleased the court, Kristen Nesbitt, on behalf of Apelli United Airlines. COVID was in precedented times. One thing was clear early on. COVID was a highly contagious disease spread through nasal and mouth droplets. And mask and face coverings that completely covered the nose and mouth was the best way to limit the spread of COVID-19. That's not in dispute here. There's three points that need to be noted. One, there is no direct evidence of discrimination simply because of the mask policy or United's attempts to accommodate Mr. Bazzina. There's no material dispute that United accommodate Mr. Bazzina. Now, United, under the law, is not required to make the accommodation that Mr. Bazzina wanted. It's what they could provide. What was the accommodation? The accommodation was to be placed on an unpaid leave, and he could also apply for any other position at United. That's not disputed, and it's undisputed that he did not make any effort to try to find an alternative position within United that wouldn't require him to not wear a face mask. There's also no material evidence to support that this face mask policy or United's decision to place Mr. Bazzina on an unpaid leave and allow him to find an alternative job was discriminatory. When you say that part of the accommodation was that he could apply for any other job, does the record show that there were jobs that didn't require a face mask? Your Honor, that's not—I don't think that's in the record, no. Well, if it's not in the record, I mean, that's an empty promise, isn't it? Because most of the record shows United required that of everybody who worked there. Yes, it is. And that's not an accommodation, is it? It is an accommodation, Your Honor. I believe there is an undisputed fact that states that vacant positions were available, and he did not apply for it. I just don't have that— Were there vacant positions that didn't require a mask? Yes, there were remote positions that were available. What do you mean, like working from home? Yes. I mean, that would be like a long-term employment. It's not like, you know, related to, well, you can work from home as long as the pandemic lasts. Correct, or until the status of his inability to wear a face mask changed. Also, it's undisputed that Mr. Bazzina did produce a face shield, but it did not meet United's requirements that are explicitly laid out that applies to all other employees. Specifically, as noted in the record, there's a photo that establishes that the face shield that Mr. Bazzina would like to have worn did not fully cover the mouth and the nose, which allowed, based on all of the studies, all of the information, all of the guidance, the potential for droplets to dissipate. Is there evidence in the record that United let anybody use a face shield? A face shield along with a face mask. No, just a face shield. Not just a face shield, no, Your Honor, because there weren't any at the time that fully covered the nose and the mouth. Subsequently, as noted in the record in our reply in response to Mr. Bazzina's opposition, we noted that he did provide a face mask that fully covered the mouth and the nose, and that is when we were able to continue the interactive process. It seems to me the question boils down to whether what he was asking for, which was to be able to wear a face shield at work, whether that was a reasonable accommodation that he was asking for or not. And your position is no, because what we were being told is the best option is face masks. Or a face covering, anything that fully covered the nose and the mouth. And what Mr. Bazzina at the time stated that he could wear did not fully cover his nose and his mouth. Why isn't that a fact question? Why isn't it a fact question whether what he was asking for was reasonable or not? Because reasonableness is almost always a fact question. Because it is a direct health and safety risk to both himself and others, and it was also a business necessity. And I point you to the cases that we cited, the Pletcher case and the Witt case, that other jurisdictions decided having a mandate or a policy that someone must wear a complete face covering satisfies that affirmative defense of health and safety risks and also a business necessity. So I think there are cases where that makes more sense because there's something in addition about the workplace that indicates that a face mask is necessary here. The only thing we really have in the record is CDC guidance. I mean, you said you relied on the Cleveland Clinic, I believe, but, again, there was not a whole lot of detail about what was going on there. So what we have is CDC guidance, and it itself says this is the best option, but if you have a disability situation, here's your alternative, which was face shield. So given that that's what's in the record, I come back to why isn't reasonableness a question of fact? Because here, again, I would say it's, again, a health and safety risk, and the CDC does not. It says the CDC guidance explicitly says it should fully cover the nose and the mouth. And so a face shield that does not do that is not a reasonable alternative. And the record shows that what he provided was not a face shield that fully covered the nose and the mouth. That's not in dispute here. So, therefore, the health and risk affirmative defense, as well as the business necessity, applies here. Also, well, does the court have any other further questions? Hold on, I'm looking. I'm trying to find the actual CDC guidance and the California guidance and what that language is. Can you point me to that? Sure. It is in the undisputed facts, and I actually, I'm sorry, don't have the exact site, but it starts with regards to the background and the history of the COVID-19 pandemic and the guidance starting in May of 2020, going forward, and it's in chronological order. And so just, I've got to go back and read that again because I don't remember its exact language, but from your argument, it sounds like your belief is what it says is face mask if you have a disability, face shield, but face shield still has to fully cover nose and mouth. And that's what, I don't remember that specificity being there, but you say it is, so I'll go back and read that and make sure. Yes. If it doesn't specify that, I'm coming back to my question. Why isn't it a fact question about reasonableness? It's not a fact question because, again, Your Honor, we did accommodate him. And, again, the law says that we don't have to accommodate him based on what he specifically requests, but as long as that we provide some sort of accommodation, which we continue to do. And, again, it was in unprecedented times. The guidance was constantly changing, as you will see in our undisputed facts. The guidance was saying from the very beginning that it would be face coverings and face masks. Subsequently, it did throw in face shields, but that wasn't initially. And the evidence shows that ongoing, we were continuing to have an interactive dialogue, asking Mr. Bazzina to provide us with any information if his status had changed. So I want to be clear. I agree with you completely that employers are not required to just give the accommodation that an employee requests. Employers are required to give reasonable accommodations. So if Mr. Bazzina's accommodation request, the face shield, was reasonable, and I'm asking you to assume that it was a reasonable request, would your client have been obligated to grant that request? Because the difference is I understand that you accommodated him. You didn't just fire him. But, of course, the difference between what you did and what he asked for was he's home without pay or he's on the job getting a paycheck, and that's a huge difference. So if what he asked for was reasonable or if there's a question of fact about what he asked for was reasonable, doesn't this case at least go forward? No, Your Honor. I would say it doesn't because also, again, on the reasonablest standard, again, the CDC guidance and all of the information is it's just it has to be a covering to cover the nose and the mouth. And then also there was an FAA requirement that required that anyone that worked at any airport had to wear a face mask. That came about a year later, and there was no exceptions to that. It was you have to have a face mask or a face covering of some sort. Also, going back to the accommodation wasn't reasonable, he could have applied for positions, other positions at United that were remote. It's undisputed that he did not do that. So if he did not earn pay, part of it is his own doing by not making an affirmative effort to follow through with the accommodation that was provided to him. Is there any indication in the record that he would have been qualified for any remote jobs? I mean, he's a baggage handler, right, which my assumption is doesn't require a whole lot of education or particular experience or background. That may or may not be true for remote positions. Your Honor, I can't speculate that. I don't know if it's – I don't recall if that specific testimony of his is in the record. But prior to him working at United, he did have an administrative job. I just don't recall right offhand if we cited that deposition testimony as a part of the undisputed record. I'm recalling somewhere in the record, you were talking about this mask that didn't cover his entire face. Was he not willing to wear – it wasn't a mask, but it was sort of a scarf or something over the lower half to address that concern because they did not have face masks that went all the way down? No, he did not agree to wear any sort of face covering at all. He said that he could not do it because of his disability. Okay, so not even a lower covering over his face. Correct. If he would have agreed to wear a lower covering, which would have fully covered his nose and his mouth, that would have been acceptable. Any other questions? Well, with that, I respectfully request that you all affirm the lower court's decision. Thank you for your time today. Thank you, Your Honors. Nobody offered Mr. Bazzina the option to wear a cloth covering to allow him to wear his initial proposed face shield. They said if you don't wear a mask, you don't get to work in any position. The duty to engage in a good-faith interactive process requires the employer to also suggest options. They didn't. This remote virtual position, where in the record is there any evidence that they offered him anything, that they told him about it? They're putting the entire burden on Mr. Bazzina to go find something that would allow him to work. That is not his burden alone. That is the point of the interactive process. The CDC document you can find at Volume 3, page 530 and forward. And it specifically says the following categories of people are exempt from the requirement to wear a mask. A person with a disability who cannot wear a mask or cannot safely wear a mask for reasons related to the disability. End of story. The TSA, when they came out with the directive, the security directive that required airport personnel to wear face masks. Again, there is an exception. Page 495 and 496 of Volume 3. The security directive exempts the following categories of persons from wearing masks. People with disabilities who cannot wear a mask or cannot safely wear a mask because of the disability as defined by the ADA. So I take the point. And that's what I remembered it saying. And then there's not a further definition of, you know, the alternative of a face shield and specifications of what the face shield must be. But, of course, I can imagine a scenario of a workplace where not wearing a mask would present such a risk that it would make sense for an employer to just say, if you can't wear a mask, just period, whether it's for disability reasons or because you don't want to or any other reason, we just can't have that in this workplace because it'll put other people at risk to too great of a degree. Do you agree with that? Absolutely. So then where do we draw that line? This is exactly why it's an effect question for a jury of what is reasonable. It's also a requirement. It's an affirmative burden of the defendant to show either as a matter of law and summary judgment that it would not be reasonable under the particular circumstances. So, for instance, the Hansen case that we cited, it's the 74 Calat 4th at page 228, note 11, does discuss this kind of inquiry is the reasonableness of an accommodation is a jury question. And so, for instance, in a medical situation, maybe a doctor or nurse that is interacting with elderly patients or somebody who has great susceptibility, sure, the employer in those circumstances can present evidence why they cannot accommodate. But here, United didn't actually provide any of that evidence. They simply said, we are saying masks are required for everybody. They didn't engage in that discussion or evaluation. And that is the problem. There is a facially neutral policy in California. If it has a disparate impact is a form of discrimination. The Avila case in California discusses that. And a forced leave as an accommodation where you have potential other options, that is not a reasonable accommodation as a matter of law in California. The Zamora case discusses that. And I see my time is just about up. So are there any other questions? Thank you. Thank you. We urge that this court reverse for jury's determination. Thank you. All right. Thank you, counsel, for the helpful argument. Busina versus United Airlines will be submitted.
judges: TASHIMA, FORREST, Cardone